# NO. 12-20-00237-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ELLECIA XANTIPPI COLLINS, APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Ellecia Xantippi Collins appeals the revocation of her community supervision. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We affirm.

### BACKGROUND

Appellant was charged by indictment with engaging in organized criminal activity and pleaded "guilty." The trial court found Appellant "guilty" as charged and sentenced her to imprisonment for ten years but, thereafter, suspended the sentence and placed her on community supervision for ten years.

Subsequently, the State filed a motion to revoke Appellant's community supervision, alleging that Appellant violated certain terms and conditions thereof. On September 14, 2020, the trial court conducted a hearing on the State's motion, and Appellant pleaded "true" to the allegation that she failed to report to her community supervision officer as ordered. At the conclusion of the hearing, the trial court found that Appellant violated multiple terms and conditions of her community supervision as alleged in the State's motion, including the

allegation that she failed to report as ordered. Thereafter, the trial court revoked Appellant's community supervision and sentenced her to imprisonment for six years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1]

Thereafter, Appellant filed a pro se brief, in which she raised the following issues: (1) she was a party to an agreement with various law enforcement agencies to act as a confidential informant in exchange for leniency with regard to, among other things, her violation of the terms and conditions of her community supervision in the instant case, and law enforcement, by failing to honor this agreement, subjected her to entrapment and (2) the trial court exhibited bias against her in the underlying proceedings.[2]

When faced with an *Anders* brief and a pro se response by an appellant, an appellate court either can (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). As is our duty, we have conducted a full examination of the record to determine whether the appeal of this case is wholly frivolous, have considered Appellant's issues, and were unable to

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

[2] We have construed Appellant's brief and the issues raised therein liberally in the interest of justice. *See Gill v. State*, No. 12-11-00282-CR, 2012 WL 3804369, at *1 n.2 (Tex. App.–Tyler Aug. 31, 2012, pet. ref'd) (mem. op., not designated for publication).

find reversible error. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Bledsoe*, 178 S.W.3d at 826–27.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she either must retain an attorney to file a petition for discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered August 25, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST , 2021**

**NO. 12-20-00237-CR**

**ELLECIA XANTIPPI COLLINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court
of Anderson County, Texas (Tr.Ct.No. 28102)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*